IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JASON SANCHEZ

    **Plaintiff,**

vs.                                          Case No.: 2:25-cv-00226-KRS-GJF

MIKE GALLAGHER,
individually and in his official
capacity, and
EDDY COUNTY BOARD OF
COMMISSIONERS,

    **Defendants.**

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
## BASED IN PART ON QUALIFIED IMMUNITY

COME NOW Defendants Mike Gallagher and Eddy County Board of Commissioners (hereafter "County Defendants"), by and through their counsel, Jonlyn M. Martinez, Law Office of Jonlyn M. Martinez, LLC, and hereby submit their Motion for Summary Judgment Based in Part on Qualified Immunity pursuant to Fed. R. Civ. P. 56.

Counsel for the Plaintiff opposes this Motion.

## BACKGROUND

The Plaintiff's Complaint [Document No. 1], contains the following Counts:

Count I Violations of Article 2, § 17 of the New Mexican Constitution against Defendant County; and

Count II 42 U.S.C. § 1983 - Violation of First Amendment of United States Constitution against both Defendants.

The Plaintiff's claims arise from the Plaintiff's claim that his public comments were not read at an Eddy County Commission meeting. The Defendants submit that at no time did the Defendants refuse to read the Plaintiff's statements while reading other statements. Instead, a decision had been made not to utilize on-line public comments prior to the Plaintiff's submission

1

of an on-line public comment. The decision to stop using on-line public comments did not violate the Plaintiff's rights. Therefore, the Defendants request that summary judgment be entered in favor of the Defendants.

## UNDISPUTED MATERIAL FACTS

1. As a result of COVID, on or about April 9, 2020, Eddy County created a public comment form that was made available through a link on the Board of County Commissioners' webpage on the County's website and through a link the Eddy County public information officer posted on Facebook. *See Affidavit of Medrano*, at ¶ 4, attached hereto as Exhibit A.

2. This public comment form provided: "In an effort to comply with public health orders, the number of persons attending the Eddy County Board of Commissioners meeting will be limited, but in person public comments are possible. The preference is for written public comments, that are received by 5:00 PM on the day prior to the meeting, which will be read at the meeting. Please complete the online form below to submit your comments.  Individuals wishing to make in person Public Comments need to be in good health and follow recommended practices." *See Affidavit of Medrano*, at ¶ 5, attached hereto as Exhibit A, *and see Affidavit of Gallagher*, at ¶ 4, attached hereto as Exhibit B.

3. It was discovered that for almost two years, the public comment forms were being sent to two disabled email addresses. *See Affidavit of Medrano*, at ¶ 6, attached hereto as Exhibit A.

4. Eddy County discovered this issue when an individual sent an email to a county employee on April 18, 2024, indicating that her public comment had not been read. *Id.*, at ¶ 7. The IT Department was asked to look into this matter and the issue concerning the disabled email addresses was discovered. *Id*.

5. Andrew Medrano determined that public comment forms had been submitted on the County's website but had not been sent to an active email address. *Id*., at ¶ 8.

6. It appears that multiple public comment forms were not read at County Commission meetings as a result of this issue. *Id*. ., at ¶ 9.

7. A new County Manager, Mike Gallagher, began working for Eddy County in January of 2025. *See Affidavit of Medrano*, at ¶ 10, attached hereto as Exhibit A, *and see Affidavit of Gallagher*, at ¶ 2, attached hereto as Exhibit B.

8. Due to the fact that public health orders related to social distancing under COVID have been rescinded, Mike Gallagher determined that an on-line public comment form was no longer needed. *See Affidavit of Gallagher*, at ¶ 5, attached hereto as Exhibit B.

9. On February 7, 2025, Mike Gallagher instructed Eddy County staff to remove the public comment form from the County's website. *Id*., at ¶ 6.

10. On February 7, 2025, Andrew Medrano received an email from Adrienne Jones, the County Manager's Executive Administrative Assistant. *See Affidavit of Medrano*, at ¶ 11, attached hereto as Exhibit A.

11. Ms. Jones' email instructed Andrew Medrano to immediately remove the form titled "Public Comments for the Next Board of County Commissioners' Meeting" from the County's website. *Id*., at ¶ 12.

12. On February 7, 2025, Andrew Medrano removed the link to the form titled "Public Comments for the Next Board of County Commissioners' Meeting" from the County Commission's webpage. *Id*., at ¶ 13.

13. Mike Gallagher was informed that the link to the form titled "Public Comments for the Next Board of County Commissioners' Meeting" was removed from the County Commission's webpage. *See Affidavit of Gallagher*, at ¶ 7, attached hereto as Exhibit B.

14. Mike Gallagher was informed that no link was posted on Eddy County's Facebook page on March 3, 3025, prior to the March 4, 2025, Eddy County Commission Meeting. *Id.*, at ¶ 8.

15. The last public comment form read at the Eddy County Commission Meeting of February 18, 2025, was submitted on February 5, 2025. *See Affidavit of Medrano*, at ¶ 15, attached hereto as Exhibit A.

16. On February 26, 2025, Mr. Medrano was contacted by Adrienne Jones informing him that the form titled "Public Comments for the Next Board of County Commissioners' Meeting" had not been removed from the County's website. *Id.*, at ¶ 16.

17. Andrew Medrano reviewed the website and determined that although he had removed the link to this form from the Board of County Commissioners' webpage, the form was still available through a link on the County website's "How Do I" drop down menu. He was previously unaware that this form was available on a drop down menu. *Id.*, at ¶ 17.

18. A link to the form may also have been available through old Facebook posts. *Id.*, at ¶ 18.

19. On February 26, 2025, Andrew Medrano removed the form titled "Public Comments for the Next Board of County Commissioners' Meeting" from the County's website. Therefore, even if links to the form still exist, the form cannot be accessed. *Id.*, at ¶ 19.

20. Mike Gallagher determined that because no links had been made available to the public to submit a public comment form following February 7, 2025, it was not appropriate to

4

read a form submitted after February 7, 2025. *See Affidavit of Gallagher*, at ¶ 10, attached hereto as Exhibit B.

## POINTS AND AUTHORITIES

Summary judgment is properly granted if the moving party demonstrates there is no genuine dispute of material fact, and it is entitled to judgment as a matter of law. *Hall v. Allstate Fire & Cas. Ins. Co.*, 20 F.4th 1319, 1323 (10th Cir. 2021). When the moving party does not bear the burden of persuasion at trial, it may carry its burden of production by pointing to "a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Adler v. Wal-Mart Stores, Inc*., 144 F.3d 664, 671 (10th Cir. 1998). Given a properly supported summary judgment motion, a nonmoving party must set forth specific facts upon which a rational trier of fact could find in its favor. *Id*. A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When applying this standard, the Court views the evidence and draws reasonable inferences therefrom in the light most favorable to the nonmoving party. *Ribeau v. Katt*, 681 F.3d 1190, 1194 (10th Cir. 2012) (quotations omitted). In the present case, the Undisputed Material Facts establish that the individually named Defendant is entitled to qualified immunity and the Defendants are entitled to summary judgment.

**A.      Plaintiff's Claim Under the New Mexico Civil Rights Act Fails.**

The Plaintiff's Complaint alleges that he is bringing Count I under the New Mexico Human Rights Act for an alleged violation of Count I Violations of Article 2, § 17 of the New Mexican Constitution which provides:

> Every person may freely speak, write and publish his sentiments on all subjects, being responsible for the abuse of that right; and no law shall be passed to restrain or abridge the liberty of speech or of the press. In all criminal prosecutions for libels, the truth may be given in evidence to the jury; and if it shall appear to the jury that the matter charged

5

>as libelous is true and was published with good motives and for justifiable ends, the party shall be acquitted.

In the present case, the County Defendant passed no law to restrain or abridge the Plaintiff's liberty of speech. Instead, the County Defendants determined that the submission of online public comments was no longer needed, because the public health orders related to social distancing under COVID was no longer in place at County Commission meetings. *See Undisputed Facts*, at ¶¶'s 1, 2, 7, 8, 9 and 20. On February 7, 2024, the Defendants attempted to remove the ability to submit public comment forms from the County's website. *Id.*, at ¶¶'s 10-12, 16-19. Defendant Gallagher was informed that the link to the public comment form had been removed from the County Commissioner's webpage and that no link was posted on the Eddy County Facebook page. *Id.*, at ¶¶'s 13-14. The last public comment read at the Eddy County Commission Meeting of February 18, 2025, was submitted on February 5, 2025. *Id.*, at ¶ 15. The Plaintiff's Complaint alleges that he submitted his public comment form on February 25, 2025. *See Plaintiff's Complaint*, at ¶ 17. Defendant Gallagher determined that because no links had been made available to the public to submit a public comment form following February 7, 2025, it was not appropriate to read a form submitted after February 7, 2025. *Id.*, at ¶ 15. Based on the First Amendment analysis below, the Plaintiff is unable to establish that the Defendants took any action to restrain or abridge his speech based on its content. The decision not to utilize public comment forms was made 18 days before the Plaintiff submitted his form. Therefore, the Plaintiff cannot establish a violation of Article 2, § 17 of the New Mexican Constitution.

**B.    Plaintiff's Claim Brought Under 42 U.S.C. § 1983 For Violation of First Amendment of United States Constitution Fails.**

The First Amendment, applicable to the States through the Fourteenth Amendment, prohibits the enactment of laws "abridging the freedom of speech." U. S. Const., Amdt. 1. Under

that Clause, a government, including a municipal government vested with state authority, "has no power to restrict expression because of its message, its ideas, its subject matter, or its content." *Police Dep't of Chicago v. Mosley*, 408 U. S. 92, 95, 92 S. Ct. 2286, 33 L. Ed. 2d 212 (1972). Content-based laws—those that target speech based on its communicative content—are presumptively unconstitutional and may be justified only if the government proves that they are narrowly tailored to serve compelling state interests. *Reed v. Town of Gilbert*, 576 U.S. 155, 163, 135 S. Ct. 2218, 2226 (2015), citing *R. A. V. v. St. Paul*, 505 U. S. 377, 395, 112 S. Ct. 2538, 120 L. Ed. 2d 305 (1992); *Simon & Schuster, Inc. v. Members of N. Y. State Crime Victims Bd.*, 502 U. S. 105, 115, 118, 112 S. Ct. 501, 116 L. Ed. 2d 476 (1991).

In the present case, the Defendants took no action based on the content of the Plaintiff's speech. Instead, eighteen days (18) prior to the Plaintiff's submission of his online public comment, a decision was made to stop using online public comment forms. *See Undisputed Material Facts*, at ¶¶ 1-11. The decision was made because social distancing restrictions related to COVID were no longer in place. *Id.*, at ¶ 8. The County removed the link to the public comment from its website and from its Facebook post prior to the Eddy County Commission meeting. *Id.*, ¶¶ 12-19. Defendant Gallagher determined that because no links had been made available to the public to submit a public comment form following February 7, 2025, it was not appropriate to read a form submitted after that date. *Id.*, at ¶ 20. The last public comment form read at the Eddy County Commission Meeting of February 18, 2025, was submitted on February 5, 2025. *Id.*, ¶ 15. Based on the foregoing, Defendant Gallagher is entitled to qualified immunity and the Plaintiff's claims against Defendant County are subject to dismissal because there was no violation of the Plaintiff's rights.

### 1. Defendant Gallagher is Entitled to Qualified Immunity.

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)). "Once an individual defendant asserts qualified immunity, the plaintiff carries a two-part burden to show: (1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct." *Knopf v. Williams*, 884 F.3d 939, 944 (10th Cir. 2018), quoting *Gutierrez v. Cobos*, 841 F.3d 895, 900 (10th Cir. 2016) (quotations omitted). "This is a heavy burden. If the plaintiff fails to satisfy either part of the inquiry, the court must grant qualified immunity." *Id*., quoting *Carabajal v. City of Cheyenne*, 847 F.3d 1203, 1208 (10th Cir. 2017).

"A plaintiff may show clearly established law by pointing to either a Supreme Court or Tenth Circuit decision, or the weight of authority from other courts, existing at the time of the alleged violation." *Id*., quoting *T.D. v. Patton*, 868 F.3d 1209, 1220 (10th Cir. 2017). To be clearly established, "'existing precedent must have placed the statutory or constitutional question beyond debate.'" *Id*., quoting *White v. Pauly*, 137 S. Ct. 548, 551, 196 L. Ed. 2d 463 (2017) (quoting *Mullenix v. Luna*, 136 S. Ct. 305, 308, 193 L. Ed. 2d 255 (2015)). Although there need not be a "'case directly on point,'" *id*. (quoting *Mullenix*, 136 S. Ct. at 308), "[a]n officer 'cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in his shoes would have understood that he was violating it . . .'" *Id*., quoting *City & Cty. of San Francisco v. Sheehan*, 135 S. Ct. 1765, 1774, 191 L. Ed. 2d

8

856 (2015) (brackets omitted) (quoting *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2023, 188 L. Ed. 2d 1056 (2014)).

Courts must not define "clearly established law at a high level of generality." *Ashcroft v. al-Kidd*, 563 U.S. 731, 742, 131 S. Ct. 2074, 179 L. Ed. 2d 1149 (2011). Instead, "the clearly established law must be 'particularized' to the facts of the case." *White*, 137 S. Ct. at 552 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987)). "The dispositive question is whether the violative nature of *particular* conduct is clearly established." *Mullenix*, 136 S. Ct. at 308. (quotations omitted). "Otherwise, 'plaintiffs would be able to convert the rule of qualified immunity into a rule of virtually unqualified liability simply by alleging violation of extremely abstract rights.'" *Id.*, quoting *White*, 137 S. Ct. at 552 (brackets and ellipsis omitted) (quoting *Anderson*, 483 U.S. at 639).

In the present case, the Plaintiff's First Amendment right to free speech was not violated by the Defendants. The Plaintiff had no right to have a comment read at the Eddy County Commission Meeting once it had been determined that Eddy County would no longer utilize public comments submitted online. The decision to stop accepting public comments submitted online applied to everyone, not just the Plaintiff. Thus, no decision was made with regard to the content of the Plaintiff's speech and the Plaintiff cannot establish the first prong of the qualified immunity analysis. The Plaintiff can also not establish the second prong of the qualified immunity analysis. There is no Supreme Court or Tenth Circuit decision, or the weight of authority from other courts, that places this constitutional question beyond debate. The Defendants were unable to locate any case law that determined that the enforcement of a decision to stop accepting public comment forms violates the Constitution. Based on the foregoing, Defendant Gallagher is entitled to qualified immunity.

### 2. The Plaintiff's *Monell* Claim Fails.

The Plaintiff's 42 U.S.C. § 1983 claim against Defendant County fails. In *Monell v. Department of Social Services*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), the Supreme Court stated that "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id*. at 694. "The 'official policy' requirement was intended to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013), quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986). A challenged practice may be deemed an official policy or custom for § 1983 municipal-liability purposes if it is a formally promulgated policy, a well-settled custom or practice, a final decision by a municipal policymaker, or deliberately indifferent training or supervision. *Id*., citing Martin A. Schwartz, Section 1983 Litigation Claims & Defenses, § 7.06[A] (2013).  In the present case, as set forth above, Defendant Gallagher, the County Manager, decided that public comment forms submitted online were no longer required because the social distancing restriction in place as a result of COVID had been rescinded. To the extent this decision can be deemed a policy or custom, it does not violate the First Amendment.  If a person has suffered no constitutional injury, he cannot establish his *Monell* claim against their employer. *City of L.A. v. Heller*, 475 U.S. 796, 799, 106 S. Ct. 1571,

1573 (1986). Therefore, the Plaintiff's claims brought in Counts II against Defendant County should also be dismissed.

## CONCLUSION

Based on the foregoing, the Defendants respectfully request that this Court grant the Defendants' Motion for Summary Judgment.

Respectfully submitted.

LAW OFFICE OF JONLYN M. MARTINEZ, LLC

By: */s/ Jonlyn M. Martinez*
JONLYN M. MARTINEZ
*Attorney for County Defendants*
P.O. Box 1805
Albuquerque, NM 87103-1805
P: (505) 247-9488
jonlyn@jmartinezlaw.net

I hereby certify that a copy of the foregoing
was served via CM/ECF on
April 2, 2025, to all counsel of record:

_____/s/_____

11